IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANNA GRAVES VESTRING and
ROBERT VESTRING,

                    Plaintiffs,

v.                                     Case No. 12-4094-JTM

CARL "BUNGE" HALLA; H BAR CATTLE
COMPANY; EAGLE CREEK GENERAL STORE;
UNITED AGRICULTURAL COOPERATIVE, INC.;
and FARMERS COOPERATIVE OF EL CAMPO,

                    Defendants.

MEMORANDUM AND ORDER

The court has before it several motions to dismiss by the defendants. Defendants

United Agricultural Cooperative, Inc., f/k/a/ Farmers Cooperative of El Campo, and

Eagle Lake General Store (incorrectly sued as "Eagle Creek General Store") (collectively

referred to herein as "defendants" or "United Ag"), filed a motion to dismiss for lack of

personal jurisdiction and improper venue (Dkt. 16) as well as a motion to dismiss for

failure to state a claim (Dkt. 19). Defendant H Bar also filed a motion to dismiss for lack

of personal jurisdiction and improper venue (Dkt. 21), which defendant Carl "Bunge"

Halla incorporated in his own motion to dismiss (Dkt. 23). The court grants all of the

defendants' motions to dismiss for the reasons below.

**I. Factual Background**

Plaintiffs Anna Graves Vestring and Robert Vestring are Kansas residents who

claim to have entered into a contract in September 2011 with defendant Carl "Bunge"

Halla, a Texas resident and employee of defendant United Ag. Plaintiffs were in Kansas when they accepted Halla's offer over the phone. Under the contract, Halla agreed to provide agricultural services and serve as a bailee for certain lightweight cattle purchased by plaintiffs. All of the cattle were bought in Texas.

After the cattle were purchased, they were sheltered at facilities owned and operated by H Bar Cattle Company in Texas. At the H Bar facilities, the cattle suffered a death rate of 25%, which plaintiffs claim is significantly higher than the industry average. Plaintiffs allege that Halla and H Bar caused them damage by breaching the duty to properly care for, feed, and maintain the cattle in a reasonable and workmanlike manner. Plaintiffs ask this court to hold Halla and H Bar jointly and severally liable for damages in excess of $75,000 and to order recoupment of all plaintiffs' payments.

Additionally, to pay for the services associated with the purchase and care of these cattle, plaintiffs obtained a $350,000 line of credit from the Cooperative Finance Association, Inc., a corporation located in Kansas City, Missouri. Mr. Vestring completed, signed, and faxed an application to Untied Ag for an account to acquire goods on store credit. United Ag set up a store account for Mr. Vestring. Plaintiffs instructed Bunge not to incur expenses exceeding $350,000 in caring for, feeding, and maintaining the cattle. Plaintiffs claim that notwithstanding their instruction, Bunge had defendants H Bar, Eagle Lake, Farmers Cooperative, and United Ag bill plaintiffs for a total substantially in excess of the line of credit for services, materials, and supplies for the cattle. Plaintiff asks this court to enter judgment against defendants for (1) an accounting of all amounts claimed to arise out of the care, feeding, and maintenance of

2

the cattle and (2) an accounting of cattle purchased and sold including all cattle which died while in defendants' care and control.

Defendant United Ag challenges the sufficiency of the pleadings set forth in the complaint. All defendants challenge whether Kansas has personal jurisdiction over them and whether venue is proper. Alternatively, they request the case be transferred to the Southern District of Texas.

## II. Failure to State a Claim

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include enough facts to state a claim to relief that is plausible on its face." *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009) (internal quotations and citations omitted). In addition to the allegations contained in the complaint, the court may consider attached exhibits and documents incorporated into the complaint, so long as the parties do not dispute the documents' authenticity. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying and affirming

*Twombly*'s probability standard). Allegations that raise the specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223–24.

While the factual allegations need not be detailed, the claims "must set forth the grounds for plaintiffs' entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The court must assume that all allegations in the complaint are true. *Twombly*, 550 U.S. at 589. "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.' " *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2, (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511).

*B. Analysis*

In this case, the complaint fails to allege sufficient facts to state a plausible claim against United Ag. First, the complaint alleges that Halla owns an interest in all or part of the United Ag entities and serves as an employee and manager for United Ag. Second, the complaint alleges that at Halla's request and without plaintiffs' authorization, United Ag billed plaintiffs for an amount in excess of a line of credit Halla knew plaintiffs had established with Cooperative Finance Association, Inc. To state a claim for relief, plaintiffs must connect these two facts in a way that would make United Ag liable. Although a connection is not found in the complaint, plaintiff Robert Vestring's affidavit provides one, and the court may rely on this. *See Smith*, 561 F.3d at 1098. In his affidavit, Vestring alleges that during his phone calls with Halla, Halla "was

4

acting on his own behalf as well as an agent for" United Ag. Vestring also states that Halla is a manager of one of the United Ag entities "and thus is an agent of United Ag." However, Vestring's conclusory statements cannot provide a proper basis for pleading agency.

A claim alleging an agency cause of action must allege that the agent had authority—actual or apparent—to act on the principal's behalf. *See Mulholland v. Metropolitan Life Ins. Co.*, 546 F. Supp. 2d 1231, 1235 (D. Kan. May 5, 2008); *see also Bridgewater v. Carnival Corp.*, No. 10-22241, 2011 WL 817936, at *2 (S.D. Fla. 2011) (stating that a complaint must allege all the necessary elements for a claim of apparent agency). The fact that Halla was an employee of United Ag when he called plaintiffs to solicit business does not, by itself, meet the standard of a plausible claim for agency. United Ag is not in the business of caring for cattle, which is what Halla allegedly contracted with plaintiffs to do. Plaintiffs have not pled any facts that show Halla had United Ag's authority, either actual or apparent, to enter into a contract for a business that United Ag is not involved in. Under these circumstances, the court finds that plaintiffs have not plead sufficient facts to support their contention that Halla acted as an agent of United Ag.

*C. Amending the Complaint*

Plaintiffs contend that the proper remedy is for the court to grant them leave to amend under F. Rule Civ. P 15(a)(2). Rule 15(a)(2) states that the court may grant leave to amend when justice so requires. But generally, a party must file a motion to amend before the court will grant leave to amend. *Robinson v. Farmers Services L.L.C.*, 10-CV-

02244-JTM, 2010 WL 4067180, at *5 (D. Kan. Oct. 15, 2010) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1185–86 (10th Cir. 1999)). If a party does not file a formal motion to amend its pleading, the Tenth Circuit provides that a request for leave to amend must give adequate notice to the district court and to the opposing party of the basis for the proposed amendment before the court must recognize that a motion for leave to amend is before it. *Calderon*, 181 F.3d at 1186–87. However, a plaintiff's bare request in response to a motion to dismiss "that leave be given to the Plaintiffs to amend their Complaint" is insufficient. *Id.* at 1186 (quoting *Glenn v. First Nat'l Bank*, 868 F.2d 368, 370 (10th Cir. 1989).

In this case, at the end of their response to the motion to dismiss, plaintiffs merely state that "[i]n the alternative, plaintiffs should be given leave to amend their complaint." Plaintiffs make no mention of what amendments might be made or how they might cure the deficiencies of the original complaint. The court found a similar request to amend insufficient in *Robinson v. Farmers Servs. L.L.C.*, 10-CV-02244-JTM, 2010 WL 4067180, at *5 (D. Kan. Oct. 15, 2010), when the plaintiffs' only request for leave to amend came at the end of her response to defendant's motion for judgment on the pleadings. In *Robinson*, the plaintiff's entire request stated:

> "Should the Court nevertheless believe that the Plaintiff need provide [sic] further clarity to these facts, then it is requested that the Plaintiff be granted leave to amend her Complaint so that greater detail can be added to the pleading so that she might nudge the Complaint across the line from speculation to plausibility."

*Id.* Plaintiffs' bare request in this case provides even less detail than the request in *Robinson* for the court to determine that amendment would be appropriate. As a result,

6

the court denies the request for leave to amend and dismisses plaintiffs' claim against United Ag.

## III. Personal Jurisdiction

### A. Legal Standard

"The standard that governs a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is well established: The plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Edison Trust Number One v. Patillo*, No. 10-1159, 2010 WL 5093831, at *1 (D. Kan. Dec. 8, 2010) (quotations omitted). The extent of the burden depends on the stage at which the court considers the jurisdictional issue. *Id*. When personal jurisdiction "is decided at a preliminary stage by reference to only the complaint and affidavits, the plaintiff need only make a prima facie showing of personal jurisdiction." *Id*.

"The plaintiff may carry this burden 'by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant.' " *Id*. (quoting *TH Agric. & Nutrition, L.L.C. v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007)). In determining if it has personal jurisdiction over the defendants, the Court may consider affidavits and other documentary evidence submitted by the parties. *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007). To the extent allegations in the complaint are uncontroverted, the Court must accept those allegations. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir.1995). If the jurisdictional allegations are challenged, however, the plaintiffs have a duty to support their jurisdictional allegations by competent proof of supporting facts. *Payless*

*Shoesource, Inc. v. Shops at Hancock, LLC*, 11-4144-KHV, 2012 WL 1344977 (D. Kan. 2012) (citing *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir.1989)). Factual disputes are resolved in plaintiff's favor. *Id.*

In a diversity action, "personal jurisdiction over a nonresident defendant is determined by the law of the forum state." *Caldwell-Baker Co. v. S. Ill. Railcar Co.*, 225 F. Supp. 2d 1243, 1259 (D. Kan. 2002). "The proper inquiry is, therefore, whether the exercise of jurisdiction is sanctioned by the long-arm statute of the forum state and comports with due process requirements of the Constitution." *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1304-05 (10th Cir. 1994). The Kansas long-arm statute extends the personal jurisdiction analysis to the extent of the United States Constitution; thus, this court may proceed to the due process analysis. *Id.* at 1305.

The due process analysis consists of two steps: (1) whether defendants have such minimum contacts with the forum state that they should reasonably anticipate being haled into court there; and (2) if the defendants have minimum contacts with the forum state, whether exercising personal jurisdiction over them would offend traditional notions of fair play and substantial justice. *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1061 (10th Cir. 2008).

Plaintiffs assert only specific jurisdiction over the defendants in this case, so the court does not analyze whether it has general jurisdiction. Additionally, plaintiffs argue that Halla acted as an agent of H Bar, so this court's jurisdiction over H Bar depends on its jurisdiction over Halla. For this reason, the court analyzes personal jurisdiction as to defendant Halla first.

8

### 1. Defendant Halla

#### *a. Minimum Contacts*

The minimum contacts necessary for specific personal jurisdiction are established when "the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." *In re Application to Enforce Admin. Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "Purposeful availment requires actions by the Defendant which create a substantial connection with the forum state." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1160 (10th Cir. 2010) (quotations omitted). The purposeful availment requirement ensures "that a defendant will not be subject to the laws of a jurisdiction 'solely as the result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person.'" *AST Sports Sci.*, 514 F.3d at 1058 (quoting *Benally v. Amon Carter Museum of W. Art.*, 858 F.2d 618, 625 (10th Cir. 1988)). "Purposeful availment analysis turns upon whether the defendant's contacts are attributable to his own actions or solely to the actions of the plaintiff . . . [and generally] requires . . . affirmative conduct by the defendant which allows or promotes the transaction of business within the forum state." *Rambo v. Am. S. Ins., Co.*, 839 F.2d 1415, 1420 (10th Cir. 1988) (internal quotations omitted).

In this case, the complaint states that plaintiffs entered into an agreement with Halla and H Bar, wherein the latter would provide agricultural services and serve

as bailee for certain lightweight cattle, purchased by plaintiffs, and sheltered at facilities owned and operated by H Bar.

Plaintiffs' basis for Halla being subject to personal jurisdiction in Kansas is relatively straightforward. Under the Kansas long-arm statute, a party submits to personal jurisdiction in Kansas for any claim for relief arising from transacting any business in this state. Kan. Stat. Ann. § 60-308(b)(1)(A). The phrase "transaction of any business" is all encompassing and was used by the legislature in its broadest legal sense with the intent to authorize the personal service of summons upon a nonresident corporate or individual defendant to the full extent of the due process clause. *Woodring v. Hall*, 200 Kan. 597, 606, 438 P.2d 135, 144 (1968). Plaintiffs argue that personal jurisdiction over Halla is proper because he called them in Kansas to solicit business, made numerous phone calls to Kansas, and entered into a contract with plaintiffs while they were in Kansas,[1] all of which are activities that seem to fit the broad definition of "transacting business." *See Woodring*, 438 P.3d at 144 (stating that "business is transacted within the state when an individual . . . effectuates or attempts to effectuate a purpose to improve his economic conditions and satisfy his desires."). Plaintiffs assert— and defendants do not challenge—that the contract was accepted over the phone by plaintiff Robert Vestring, who was in Kansas at the time. Soliciting business and forming a contract in Kansas satisfy the Kansas long-arm statute's requirement of "transacting business."

---

[1] Under Kansas law, a contract is made where the last act necessary for its formation occurs. *Novak v. Mut. of Omaha, Ins. Co.*, 29 Kan. App. 2d 526, 534 (Kan. Ct. App. 2001) (citations omitted).

Additionally, the court finds that these acts show that Halla "purposefully directed [his] activities toward" Kansas and could have foreseen being haled into court here. *See Knowles*, 87 F.3d at 418. This is not a case where defendant's connections with the forum state happened without his knowledge through the stream of commerce. *See, e.g.*, *Asahi Metal Ind. Co. v. Superior Ct.*, 480 U.S. 102 (1987). Rather, Halla personally and intentionally solicited Kansas residents for business over the phone and offered them a contract, which they accepted. The court finds that Halla has purposefully availed himself of Kansas, so he has sufficient minimum contacts with the forum.

### b. Fair Play and Substantial Justice

"If the defendant has minimum contacts with the forum state, 'we must still determine whether exercising personal jurisdiction would offend traditional notions of fair play and substantial justice.'" *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1161 (quoting *AST Sports Sci.*, 514 F.3d at 1061). "[M]inimum requirements inherent in the concept of fair play and substantial justice may defeat the reasonableness even if the defendant has purposefully engaged in forum activities." *Burger King Corp.*, 471 U.S. at 477–78. At this point in the analysis, the defendant bears the burden of proving other considerations would render jurisdiction unreasonable. *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1161. This reasonableness analysis requires weighing the following five factors:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient solution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.

11

*Trujillo v. Williams*, 465 F.3d 1210, 1221 (10th Cir. 2006) (quoting *Pro Axess*, 428 F.3d at 1279-80). The court analyzes these factors in turn.

The court has found that Halla's phone call establishing a contract in Kansas give him the requisite minimum contacts with Kansas; however, "minimum" is the key word here. The contacts here are weak because although the contract was accepted in Kansas, the subject matter of the contract had nothing to do with this state. As all defendants point out, the cattle at issue were bought, cared for, and sold in Texas, and the payments plaintiffs made came from Cooperative Finance Association, Inc. in Missouri. Every alleged breach of contract and tortious act or omission occurred outside Kansas. Excluding the two plaintiffs, all witnesses and material documents are located in Texas. "[T]he weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Trujillo,* 465 F.3d at 1221 (quotations and alterations omitted). Given the weakness of the contacts here, the burden for defendant to show unreasonableness in the fair play and substantial justice analysis is low.

The second factor in our reasonableness inquiry is Kansas's interest in adjudicating this dispute. States have an important interest in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors. *Burger King Corp.*, 471 U.S. at 483. Plaintiffs cite to *Environmental Ventures, Inc. v. Alda Servs. Corp.*, 19 Kan. App. 2d 292, 868 P.2d 540 (Kan. Ct. App. Feb. 11, 1994) to support jurisdiction here, but in that case, the defendant sold a plane to a Kansas resident, the plane was delivered to Kansas for use in the state, and the purchase price was paid

from Kansas. In the case at hand, the subject matter of the contract was entirely located in Texas. Further, the acts giving rise to the negligence claim against Halla also took place in Texas. Although plaintiffs are Kansas residents and the contract at issue was agreed to in Kansas, Halla has no other connection with the state. Kansas has an interest in providing a forum for plaintiffs, but it is only a moderate interest and does not weigh heavily in plaintiffs' favor.

Third, the court analyzes whether plaintiffs may receive convenient and effective relief in another forum. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1097 (10th Cir. 1998). This factor may weigh heavily in cases where the plaintiff's chances of recovery will be greatly diminished by forcing him to litigate in another forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit. *See Pacific Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1331 (9th Cir. 1985). Plaintiffs have provided no facts for the court to find this danger present in this case.

The fourth factor in our reasonableness inquiry examines whether the forum state is the most efficient place to litigate the dispute. Key to this inquiry are the location of witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation. *OMI Holdings, Inc.*, 149 F.3d at 1097. The court finds that this factor weighs in favor of defendants. The record does not contain evidence supporting the position that Kansas is the most efficient forum in which to litigate this dispute. Except for the plaintiffs, all witnesses, documents, and relevant locations are in Texas, Texas

13

law applies to at least one of the claims, and jurisdiction in Kansas is not necessary to prevent piecemeal litigation. The court is convinced that a forum in the state of Texas would be more efficient.

Fifth, we consider the interests of the several states in addition to the forum state, in advancing fundamental substantive social policies. The court has no reason to believe that either state's fundamental substantive social policies will be adversely affected by this case, wherever it may be tried. Accordingly, the court finds that this factor is neutral.

In conclusion, the court finds that exercising personal jurisdiction over Halla based on the contacts in this case would offend traditional notions of fair play and substantial justice. Halla's burden for showing unreasonableness is low because of the weakness of his contacts with Kansas. Kansas has only a small interest in the case, while Texas has a much greater interest in the outcome. Finally, a forum in Texas will be more efficient considering that the contract was performed there, and the alleged negligent actions occurred there. As a result, exercise of personal jurisdiction over Halla by this court would offend due process. Additionally, without personal jurisdiction over Halla, the court cannot exercise personal jurisdiction over defendant H Bar, which only had contacts with Kansas through Halla allegedly acting as its agent. As the court has determined it has no jurisdiction over Halla, the same must apply to H Bar.[2]

---

[2]Although the court has already dismissed plaintiffs' claims against United Ag for failure to state a claim, the alleged connection between United Ag and Kansas also relied on Halla acting as its agent. As such, this court could not exercise personal jurisdiction over United Ag even if plaintiffs had properly stated a claim against it.

B. *Jurisdictional Discovery*

Plaintiffs ask for leave to conduct discovery on these issues. The district court has broad discretion to determine whether discovery should be permitted, and its discretion is not reversed unless that discretion is abused. *Grynberg v. Ivanhoe Energy, Inc.*, 2012 WL 2855777, at *13 (10th Cir. July 12, 2012). "The burden of demonstrating a legal entitlement to jurisdictional discovery—and the related prejudice flowing from the discovery's denial—is on the party seeking discovery." *Id.* Although the court abuses its discretion if the plaintiff suffers prejudice as a result of the denial of discovery, "prejudice exists where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary." *Lemaster v. Collins Indus., Inc*, 2011 WL 5966911, at *5 (D. Kan. Nov. 29, 2011).

Plaintiffs do not argue that the facts regarding Halla's contacts with Kansas are controverted or require a more satisfactory showing. Their response merely asks that the court deny the defendants' jurisdiction claims or, "in the alternative, give plaintiffs leave to conduct discovery on these issues." The court is not convinced that any further discovery regarding jurisdiction is necessary. The facts regarding Halla's entering into a contract with plaintiffs in Kansas, as well as the dearth of any other contacts between Halla and Kansas, are not in dispute. The dispute was whether these facts establish personal jurisdiction in this state, and the court holds that they do not. Therefore, the court denies plaintiffs' request for additional discovery. Additionally, the court need not address defendants' arguments regarding venue and *forum non conveniens*.

15

**IV. Conclusion**

The court holds that the complaint failed to meet the Rule 8 pleading standard regarding the plaintiffs' claim against United Ag. The court also finds that it lacks personal jurisdiction over defendant Halla and defendant H Bar by extension.

IT IS THEREFORE ORDERED this 30th day of January, 2013, that the following motions are granted: United Ag's motion to dismiss for failure to state a claim (Dkt. 19); H Bar's motion to dismiss for lack of personal jurisdiction and improper venue (Dkt. 21); and Halla's motion to dismiss (Dkt. 23). The court denies as moot United Ag's motion to dismiss for lack of personal jurisdiction and improper venue (Dkt. 16).

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE